1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  VINCENT BRUCE                    No C-09-4649 VRW (PR)

12          Plaintiff,

13       v                           ORDER OF SERVICE

14  MATTHEW CATE, Warden, et al,

15          Defendant(s).

16  _____/

17

18       Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP")

19  in Crescent City, California, has filed a pro se civil rights

20  complaint under 42 USC § 1983 alleging that various PBSP officials

21  violated his constitutional rights.  Specifically, plaintiff claims

22  PBSP officials:  (1) retaliated against him for his use of the

23  prison administrative grievance system and by filing prior actions

24  in federal court; (2) denied him due process by re-validating him as

25  a member of a prison gang based on false evidence and without the

26  necessary procedural protections; and (3) violated his

27  constitutional rights by interfering with his mail delivery service.

28  Doc #1.

**United States District Court**
For the Northern District of California

**I**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v Atkins, 487 US 42, 48 (1988).

**A**

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v Robinson, 408 F3d 559, 567-68 (9th Cir 2005).  The right of access to the courts extends to the exercise of established prison grievance procedures, Bradley v Hall, 64 F3d

United States District Court

For the Northern District of California

1   1276, 1279 (9th Cir 1995), such that a prisoner may not be

2   retaliated against for using such procedures.  Rhodes, 408 F3d at

3   567; Bruce v Ylst, 351 F3d 1283, 1288 (9th Cir 2003).

4        Liberally construed, plaintiff's allegations appear to

5   state a cognizable retaliation claim under § 1983 and defendants

6   will be served.  See Rhodes, 408 F3d at 567–68.

7

8                                    B

9        The decision to place and retain a prisoner in

10  administrative segregation must comport with procedural due process

11  only if the specific deprivation at play constitutes "atypical and

12  significant hardship on the inmate in relation to the ordinary

13  incidents of prison life."  Sandin v Conner, 515 US 472, 484 (1995).

14  Plaintiff's deprivation here – a prolonged term of segregation in

15  the PBSP's Security Housing Unit ("SHU") based on allegedly false

16  evidence and without adequate procedural protections – suggests

17  sufficient severity to implicate procedural due process protection.

18       Assuming that this is the case, the Ninth Circuit has held

19  that plaintiff was entitled to the following procedures before

20  placement in the SHU:  (1) an informal non-adversary hearing within

21  a reasonable time after being segregated; (2) notice of the charges

22  or the reasons segregation is being considered; and (3) an

23  opportunity to present his views.  See Toussaint v McCarthy, 801 F2d

24  1080, 1100 (9th Cir 1986).  There also must be "some evidence" to

25  support the decision to segregate plaintiff for administrative

26  reasons, see id at 1104–05 (citing Superintendent v Hill, 472 US

27  445, 455 (1985)), and the evidence relied upon must have "some

28                                   3

United States District Court
For the Northern District of California

1   indicia of reliability." See <u>Madrid v Gomez</u>, 889 F Supp 1146,

2   1273–74 (ND Cal 1995).

3          Liberally construed, plaintiff's allegations challenging

4   his re-validation and continued retention in administrative

5   segregation in the SHU at PBSP appear to state a cognizable claim

6   under 42 USC § 1983 for a denial of due process and defendants will

7   be served.

8

9                                      C

10          Prisoners enjoy a First Amendment right to send and

11   receive mail. See <u>Witherow v Paff</u>, 52 F3d 264, 265 (9th Cir 1995)

12   (citing <u>Thornburgh v Abbott</u>, 490 US 401, 407 (1989)). A prison,

13   however, may adopt regulations or practices which impinge on a

14   prisoner's First Amendment rights as long as the regulations are

15   "reasonably related to legitimate penological interests." See

16   <u>Turner v Safley</u>, 482 US 78, 89 (1987). The <u>Turner</u> standard applies

17   to regulations and practices concerning all correspondence between

18   prisoners and to regulations concerning incoming mail received by

19   prisoners from non-prisoners. See <u>Thornburgh</u>, 490 US at 413.

20          Liberally construed, plaintiff's allegations that PBSP

21   violated his constitutional rights by interfering with his mail

22   delivery service appear to state a cognizable claim under 42 USC §

23   1983 and defendants will be served.

24   //

25   //

26   //

27

28                                      4

**II**

For the foregoing reasons and for good cause shown:

1.   The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on defendants.  The clerk also shall serve a copy of this order on plaintiff.

2.   In order to expedite the resolution of this case, the court orders as follows:

a.   No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than thirty (30) days after defendants serve plaintiff with the motion.

c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary

United States District Court

For the Northern District of California

judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v Rowland, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v Terhune, 315 F3d 1108, 1120 n14 (9th Cir 2003).

d.  Defendants shall file a reply brief within fifteen (15) days of the date on which plaintiff serves them with the opposition.

6

e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.   All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

**United States District Court**
For the Northern District of California